## West Chicago Park Commissioners v. John Novak.

### Gen. No. 11,658.

1. SPECIAL ASSESSMENT JUDGMENT—*when, cannot be questioned.* A special assessment judgment cannot be attacked on jurisdictional grounds by one who has not only consented to but procured its entry.

2. REIMBURSEMENT—*when provision for, in setting aside tax deed*

*should not be made.* Where the tax upon which a deed is predicated is void, neither direct reimbursement, nor indirect reimbursement by finding the amount that the land is equitably benefited, should be provided for.

Bill to remove cloud. Error to the Circuit Court of Cook County; the Hon. EDMUND W. BURKE, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1904. Affirmed. Opinion filed June 2, 1905. Rehearing denied June 23, 1905.

**Statement by the Court.** December 5, 1895, John Novak, defendant in error, filed his bill to set aside as a cloud a tax deed to sub-lot 5 in the re-subdivision of lots 22 and 23 in block 3 in Cook & Anderson's Subdivision in the west half of the northeast quarter of section 24, township 39 north, range 13 east of the 3d P. M., in Cook county, Illinois, acquired by the West Chicago Park Commissioners under a tax sale for the delinquent third and fourth installments of a special assessment levied by it for the completed portion of the boulevard improvement of West Twelfth street and Ogden avenue.

The bill set out amongst other things, and it is admitted by the answer of plaintiff in error, that in July, 1888, the plaintiff in error filed a petition and assessment roll for improving the West Twelfth street and Ogden avenue boulevard, and that judgment was entered on July 13, 1888, confirming said assessment roll; that after two installments had been paid by defendant in error, he defaulted in the payment of the third and fourth installments and his property was returned delinquent to the county collector; that at the July term, 1892, of the County Court, application for judgment was made by the county collector, and that judgment for sale was entered on July 13, 1892, against said property for the non-payment of the third and fourth installments of the assessment; that on November 3, 1892, the property was sold at tax sale to plaintiff in error, in default of other bidders, for said delinquent installments, amounting to $362.96, and no redemption having been made a tax deed was issued thereon; that on July 3, 1895, an order was entered in the Circuit Court in the original assess-

ment proceedings decreeing that the court had no jurisdiction to enter its judgment of confirmation of July 13, 1888, and that said special assessment proceedings were null and void.

The cause being at issue was referred to a master in chancery to take proofs and report the same into court, together with his conclusions thereon. On July 9, 1902, the master filed his report in court in which he finds that the tax deed is null and void and a cloud upon complainant's property and should be set aside, and recommends a decree to that effect, and that Dennis Colbert, his assigns and grantees, should be decreed to execute and deliver to complainant a proper deed of conveyance releasing all right, title and interest in the property growing out of said tax sales.

To this report objections were filed before the master by plaintiff in error, which were ordered to stand as exceptions in court, and after hearing, the court entered a decree in accordance with the master's report.

ANDREW M. STRONG and H. S. MECARTNEY, for plaintiff in error.

No appearance for defendant in error.

MR. JUSTICE SMITH delivered the opinion of the court.

The bill of complaint in this case is based upon the theory that the assessment for default in payment of which complainant's land was sold and the tax deed in question was issued, was void and that therefore the subsequent sale and the tax deed issued thereon is void and of no legal effect. Plaintiff in error contends, on the other hand, that the judgment confirming the assessment is valid and cannot be attacked collaterally in this proceeding; that the decree of the Circuit Court of July 3, 1895, declaring the Circuit Court had no jurisdiction to enter the order confirming the assessment, and that the assessment and all proceedings therein be annulled and set aside and held for naught, was entered at a term of court subsequent to the term at which the order

confirming the assessment was entered and is therefore void and of no effect.

It appears that after the objections to the assessment roll were overruled and the order of July 13, 1888, was entered confirming the 'assessment, certain of the objectors, George R. Thorne and others (defendant in error not being one of them) appealed to the Supreme Court from the order of confirmation and the order was there held to be void for want of jurisdiction. Thorn et al. v. West Chicago Park Com'rs, 130 Ill., 594. Thereupon the cause was redocketed in the Circuit Court, at least as to appellants in that case, where it seems to have been pending as to certain objections to confirmation remaining undisposed of, and the order or decree of the Circuit Court of July 3, 1895, above referred to was entered. So far as the record shows there was no objection by the plaintiff in error to the entering of this order of July 3, 1895. The master finds in his report that this order was entered by the consent of plaintiff in error. This finding in our judgment was amply justified by the evidence for the following reasons:

The record shows that on July 9, 1895, the plaintiff in error passed "An ordinance for a special assessment for cost of completed portion of boulevard improvement of Twelfth street, from the west line of Ashland avenue to intersection of Ogden avenue, thence on Ogden avenue to east line of Douglas Park, in the city of Chicago."

The first section of the ordinance recites the adoption of the ordinance of January 9, 1888, and the special assessment proceedings under it in the Circuit Court, giving the number of the case above referred to in which the order and decree of July 3, 1895, was entered and reciting that order. The second section of the ordinance provides for a new special assessment to pay the cost of the completed portion of said boulevard improvement in accordance with "An act to enable Park Commissioners or Park Authorities to make local improvements and provide for the payment thereof," approved June 24, 1895, in force July 1, 1895.

The record further shows that on or about the same date

the plaintiff in error filed a petition in the County Court of Cook county, in which it set out the above mentioned proceedings in the Circuit Court of Cook county, and the order of confirmation of July 13, 1888, and the appeal of George Thorne et al. to the Supreme Court; the reversal of the order by the Supreme Court; the reinstatement of the cause in the Circuit Court and the entry by the Circuit Court of the order or decree of July 3, 1895; the adoption of the ordinance of July 9, 1895, quoting the same as a part of the petition and prays that the cost of the improvement may be assessed upon property benefited in accordance with the Act approved June 24 and in force July 1, 1895.

By reference to the Act referred to in the ordinance and petition, Hurd's Statutes (1899), p. 1242, and especially to Section 20 of the Act, it will be seen that plaintiff in error was of the opinion or was advised that, in order to bring itself fully within its provisions and to avail itself of the powers conferred thereby in making the new assessment, it was necessary to have a finding and decree of the Circuit Court that the special assessment therein confirmed had been set aside and declared void.

From these facts and considerations, and bearing in mind the condition in which plaintiff in error was placed with reference to this improvement by the ruling of the Supreme Court in the Thorne case *supra*, the master and the Circuit Court inferred, very naturally and properly, we think, that plaintiff in error consented to the entry of the decree of July 3, 1895.

Having not only assented to but procured, as we think, that decree to be entered and based its subsequent proceedings thereon, it does not lie in the mouth of plaintiff in error to say that the order was entered without jurisdiction in the court. Nor do we think plaintiff in error can claim in a court of equity that the validity of the judgment for sale upon which the tax deed was based cannot be questioned by defendant in error.

Plaintiff in error contends that inasmuch as the property of defendant in error was found to be benefited by the

improvement to the amount of $517.50 in the supplemental assessment proceedings in the County Court, an equitable charge is constituted against the property of defendant in error, which should be provided for in any decree setting aside the tax deed. We cannot agree with this contention. We know of no principle of law or equity by which the taxing power can validate or aid proceedings which it has abandoned, by subsequently instituted proceedings for the same purpose, or by which it may create an equitable charge against the property and make it available for the purpose here sought. The contention is clever, but unsound.

We do not think there is reversible error in requiring in the decree that plaintiff in error execute a conveyance releasing any apparent interest acquired under the tax deed. It is not unjust, whatever may be said of its necessity.

Finding no error in the record the decree is affirmed.

*Affirmed.*